FILED
United States Court of Appeals
Tenth Circuit

October 3, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ANDERSON STRAKER,

    Plaintiff - Appellant,

v.

STANCIL, Warden; ROOT, Captain;
MOORE, Lieutentant; ANTHONY, SIS
Lieutentant; TORRES, Correctional Officer,
SHU Staff; STRATTEN, Correctional
Officer, SHU Staff; GALBAN,
Correctional Officer, SHU Staff; LIGRIN,
Medical Supervisor; AVALOS, Unit
Manager; TWO UNKNOWN
INDIVIDUALS,

    Defendants - Appellees.

No. 23-1311
(D.C. No. 1:20-CV-03478-WJM-STV)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **SEYMOUR**, and **BALDOCK**, Circuit Judges.
_____

Plaintiff Anderson Straker alleges federal corrections officers at the United

States Penitentiary in Florence, Colorado encouraged Plaintiff's cellmate to brutally

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

attack him and refused to provide medical assistance afterward. Plaintiff seeks civil damages against USP Florence officials pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for violating his First and Eighth Amendment rights. The district court held Supreme Court precedent precludes his First Amendment claim, and his Eighth Amendment claims would require an impermissible extension of *Bivens*.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

Plaintiff is a former inmate of the United States Penitentiaries in Allenwood, Pennsylvania and Florence, Colorado. The allegations in his complaint are as follows. While at USP Allenwood, Plaintiff "overturned his life sentence" and anticipated being released in just a few years. Shortly thereafter, Plaintiff learned a violent inmate from Washington, D.C. had been transferred to his unit. Plaintiff informed USP Allenwood correctional officers that the new inmate perceived Plaintiff to be a "snitch" and had threatened and harassed him. According to Plaintiff, correctional officers responded by deliberately placing him in a cell with said inmate. The inmate and two accomplices "violently attacked and stabbed" Plaintiff in his cell. After the attack, USP Allenwood officers prevented Plaintiff from filing an administrative grievance over the incident.

---

[1] Plaintiff also asserted Defendants acted with deliberate indifference to his medical needs, in contravention of the Eight Amendment. The district court held Defendants were entitled to qualified immunity on this claim. Plaintiff does not challenge that ruling on appeal.

2

The Bureau of Prisons transferred Plaintiff to USP Florence. Only then was Plaintiff able to file a grievance over the USP Allenwood incident. USP Florence officials initially confined Plaintiff to a single-person cell while he awaited transfer to a lower-custody facility. But after Plaintiff told USP Florence correctional officers he had sued USP Allenwood officers for failing to protect him, they changed his cell assignment. Plaintiff specifically told the officers he had been assaulted by an inmate from Washington, D.C. Yet, according to Plaintiff, Defendant correctional officers Moore, Torres, Stratton, and Galvan "ordered and oversaw the transfer of [Plaintiff] to a cell with a violent inmate" from Washington, D.C., named Demetrius Puifory. They did so, according to Plaintiff, in retaliation for the lawsuit against USP Allenwood correctional officers. Plaintiff "pleaded with Defendants Stancil and Avalos" to remove him from the cell, but they refused.

In short order, Puifory attacked Plaintiff. Plaintiff contends USP Florence staff orchestrated the assault. He alleges several correctional officers approached Puifory and said Plaintiff was a "snitch" who had "killed a U.S. citizen." They even promised to release Puifory from his obligation to attend a mandatory counseling program—one he had no interest in attending—if he agreed to assault Plaintiff. Puifory "finally gave in and agreed." Puirfory brutally attacked Plaintiff when he returned to their cell. Puifory drew blood, knocked Plaintiff unconscious, and gave him a concussion. USP Florence officers immediately removed Puifory from the cell and gave him "head nods and thumbs up . . . to indicate their satisfaction and pleasure" with the assault. Medical

3

Supervisor Lindgren refused to provide Plaintiff treatment. Defendant Moore refused to investigate the incident for four days and left Plaintiff in the same cell with Puifory.[2]

Plaintiff filed the instant lawsuit in federal district court claiming Defendants violated his First and Eighth Amendment rights by: (1) retaliating against him for engaging in protected speech; (2) failing to prevent the assault; (3) actively directing the assault; and (4) delaying investigation of the assault. The court held Plaintiff's first claim was explicitly foreclosed by the Supreme Court's decision in *Egbert v. Boule*, 596 U.S. 482 (2022). The court also held Plaintiff's three Eighth Amendment claims would require an impermissible expansion of *Bivens*. As such, the district court dismissed Plaintiff's suit with prejudice for failure to state a claim. Plaintiff now appeals the district court's order.

## II.

Plaintiff argues the district court erred in holding no *Bivens* remedy exists for his claims. We review the district court's dismissal for failure to state a *Bivens* claim de novo. *Albers v. Bd. of Cty. Com'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014).

In *Bivens v. Six Unknown Agents*, 403 U.S. 388, 396 (1971), the Supreme Court created a civil cause of action against federal agents for violating a plaintiff's Fourth Amendment rights. The Court recognized two more *Bivens* causes of action in subsequent cases: "a congressional staffer's Fifth Amendment Due Process sex-

---

[2] It is unclear from Plaintiff's complaint when officers returned Puifory to Plaintiff's cell.

discrimination claim against a Member of Congress, *see Davis v. Passman*, 442 U.S. 228 (1979), and a claim against federal prison officials under the Eighth Amendment for inadequate care of an inmate, *see Carlson v. Green*, 446 U.S. 14 (1980)." *Logsdon v. United States Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024). In recent decades, however, the Supreme Court has "shown an increasing willingness to distinguish [those precedents]" and a reluctance to expand the *Bivens* remedy to new contexts. *Id*.

In assessing a proposed *Bivens* claim, the Supreme Court has articulated a two-part test. "First, we ask whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Egbert*, 596 U.S. at 492 (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 122 (2017) (alterations in original)). "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id*. (quoting *Ziglar*, 582 U.S. at 122). In *Egbert*, the Supreme Court "appeared to alter the existing two-step *Bivens* framework by stating that 'those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy.'" *Silva v. United States*, 45 F.4th 1134, 1139 (10th Cir. 2022) (quoting *Egbert* 596 at 492). Following *Egbert*, we held "courts may dispose of *Bivens* claims for 'two *independent* reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative

5

remedies that protect plaintiffs.'" *Silva*, 45 F.4th at 1141 (quoting *Egbert*, 596 U.S. at 494) (alterations in original)).  Both reasons foreclose recognizing a *Bivens* remedy for Plaintiff's claims.

As a threshold matter, Plaintiff's First Amendment claim is expressly precluded by the Supreme Court's decision in *Egbert*.  Plaintiff claims Defendant USP Florence corrections officers set up and encouraged Puifory's attack in retaliation for Plaintiff's grievance and lawsuit against USP Allenwood officials.  Similarly, in *Egbert*, the plaintiff and proprietor of the "Smuggler's Inn" bed-and-breakfast on the United States-Canada border alleged a U.S. Border Patrol agent retaliated against him for filing a federal tort claim by reporting the plaintiff's license plate reading "SMUGLER" to state authorities.  596 U.S. at 489-90.  The Supreme Court held "there is no *Bivens* action for First Amendment retaliation" because "Congress, not the courts, is better suited to authorize such a damages remedy."  *Id.* at 499.  Accordingly, the district court properly dismissed Plaintiff's retaliation claim.

We also conclude the district court properly dismissed Plaintiff's Eighth Amendment claims.  Plaintiff asserts Defendants violated his Eighth Amendment rights by acting with deliberate indifference in failing to protect him from his cellmate's assault, actively directing the assault, and delaying investigation of the assault.  The district court held Plaintiff's claims would require expanding *Bivens*, and such action is foreclosed by the availability of a sufficient alternative—the Bureau of Prison's Administrative Remedy Program.  Plaintiff argues the district court erred in concluding his claims required an expansion of *Bivens* because he contends the

Supreme Court already recognized an Eighth Amendment deliberate indifference claim in *Farmer v. Brennan*, 511 U.S. 825 (1994). But *Farmer* addressed the substantive test for establishing an Eighth Amendment deliberate indifference claim and did not purport to answer whether a *Bivens* remedy was available for such a claim. *See Farmer*, 511 U.S. at 832. To the contrary, the Supreme Court has expressly listed *Bivens*, *Carlson*, and *Davis* as the only three cases in which the Court has implied a *Bivens* action, and none of the three cover Plaintiff's claims. *Egbert*, 596 U.S. at 490-91. Moreover, our precedent holds BOP's Administrative Remedy Program—which was available to Plaintiff—"offers an independently sufficient ground" to foreclose a plaintiff's *Bivens* action. *Silva*, 45 F.4th at 1141. As such, the district court did not err in dismissing Plaintiff's complaint.

**\*\*\***

We **AFFIRM** the district court's dismissal of Plaintiff's Second Amended Complaint for failure to state a claim **WITH PREJUDICE**.

Entered for the Court

Bobby R. Baldock
Circuit Judge

7